399 So.2d 480 (1981)
STATE of Florida, Appellant,
v.
W.E.T., a Child, Appellee.
No. XX-27.
District Court of Appeal of Florida, First District.
June 9, 1981.
*481 Jim Smith, Atty. Gen., and Raymond L. Marky, Asst. Atty. Gen., for appellant.
Michael E. Allen, Public Defender, and Thomas Presnell, Jr., Asst. Public Defender, for appellee.
ERVIN, Judge.
The state brings this appeal, contending that the trial court erroneously granted appellee's motion to suppress marijuana seized in a vehicle where appellee was seated as a passenger. The marijuana was found pursuant to a search of that vehicle under the seat in which the appellee had been sitting. The appellee disavowed any property or possessory interest in both the marijuana and the searched vehicle. The lower court determined that the search was illegal and that the appellee had automatic standing to contest the legality of the search because the appellee had been charged with possession of more than 20 grams of cannabis in violation of Section 893.13(1)(e), Florida Statutes (1979).
Without ruling on the issue concerning the legality of the search, we agree with the state that the appellee did not have standing. The automatic standing rule has been abolished by both the United States Supreme Court in U.S. v. Salvucci, 448 U.S. 83, 100 S.Ct. 2547, 65 L.Ed.2d 619 (1980) and in Florida in Norman v. State, 388 So.2d 613 (Fla. 3d DCA 1980). The Salvucci court clearly held that a defendant could not obtain standing unless he had a "legitimate expectation of privacy in the [area]" where the property was seized. 100 S.Ct. at 2555. Here, the appellee had no such expectation of privacy in the area underneath the car seat because he had disavowed any interest in the automobile or the property seized. See Rakas v. Illinois, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978); Norman v. State, supra.
Accordingly, the order granting the appellee's motion to suppress is quashed and this case is remanded for further proceedings consistent with this opinion.
LILES, WOODIE A. (Retired) and PEARSON, TILLMAN (Retired), Associate Judges, concur.